Amy Lapine, Plaintiff's Attorney, Vertran v. Mohtadi, Ltd. Good morning, Your Honor. My name is Amy Lapine. I'm here on behalf of Plaintiffs Vertran and Mohtadi. I'm with the law firm of Finkelstein and Krinsk. Mr. Krinsk wants to extend his apologies for not being able to be here today. He intended to be here until just yesterday when he became very ill. We think it is kidney stones. At any rate, it's pretty significant. And so for these reasons, Your Honor, I got the case yesterday and I expect to be very brief. I'm sure that Your Honors have read our papers. You understand the – our position in this matter. We were filed in State court. The case was removed. Our motion for remand was denied. The case was dismissed, but there was the understanding that we would be filing an amended pleading, an amended complaint in that matter. During this time also, the defense counsel moved to transfer the case to the Northern District, where it is now. There was a substantial amount of time that was given to allow for an amended complaint to be filed, but none was ever filed. I understand. And no excuse was ever out. In fact, Mr. – I guess it was a Mr. Prince? Krinsk. Yes. You know, he stated it was an unexcusable neglect. I'm sure he regrets that choice of words. I think it could be characterized. It could be used. That's why we're here, because we think it was an excusable absence, neglect that happened. We did ask that the court go ahead and on several occasions, we made it very clear that we intended to file an amended pleading. Why did you just file it? It fell through the cracks, Your Honor. And I think that there were a variety of factors that came into play to allow that to happen. I personally was not at Finkelstein and Krinsk at that time, so I can't speak directly to what happened there. I can tell you that the handling attorney is no longer with the firm. Mr. Krinsk was under the impression that we had been granted the leave to amend, and he had had conversations with the opposing counsel, expected that the case would be consolidated, and stayed. He was under no delusions that we were going to be allowed to proceed with discovery. So for him, the passage of a year was not an exceptional amount of time for the litigation to continue. He just wasn't on top of it. I'm sorry? He just wasn't on top of it. I – perhaps that is a good characterization, Your Honor. But in light of the harsh sanction of dismissal, counsel and I – defense counsel, we agree on the eyes and factors in this case, that they apply and they will govern your decision here. We think that in light of the overriding policy of the Court to prefer that all cases be decided on the merits, that in this case – But won't your client's claims get decided on the merit through their participation in the class? It's our opinion, Your Honor, no. And that's the very reason that we need to file an amended pleading. We intend to state claims for breach of fiduciary duty and be able to state claims that were not already covered in that earlier pleading. So – But hasn't the district court appointed lead counsel, class counsel? Is this true? Who is responsible for coordinating the litigation? Coordinating the litigation that is currently underway, yes, Your Honor. But again, we intend to bring claims that are not yet as a part of that litigation. And, Your Honors, we are – obviously, a significant amount of time and energy, the Court's resources have been applied to this case. And we're of the opinion that at this point it's almost to give a short shrift if we don't allow plaintiffs to have their day in court, allow us to move the court for a motion to amend. If we fail on that, Your Honor, then, yes, we will agree that we've had our day in court. It's been adjudicated on the merits. But – You're using a little more of the Court's time and resources and energy. But in relative terms, Your Honor, it is only – it's very limited in comparison – It's ours, not the district court's. I'm sorry? It's just our time, energy, and resources that you're using up with this appeal, which borders on the frivolous. I'll tell you that right now. Well, I certainly don't want to do – You inherited it. You got stuck with it. And I don't want to do anything that is going to add any salt to the wound, if that is the situation here. I can tell you that I am the handling attorney again in this case. It has now been assigned to me. I can promise you we would meet any deadline that the Court were to impose if we were granted our appeal. And if the Court didn't make a deadline, we would, of course, impose one on ourselves. I'm not going to stand here and argue to you that it was incumbent upon Judge Patel to order us to file our pleading. I would have written this appeal differently, Your Honors. I think it is incumbent upon plaintiffs to move their case forward. And I'm not going to try to snow anybody on that fact. Yes, the ball was dropped. But once we realize the ball was dropped, you have to realize we did pick it up. And we have moved diligently ever since then to continue to pursue this litigation up to the culmination of the filing, the timely filing of this appeal. Again, I don't want to take any more of your time. If I can't answer any questions. I'll save the rest for rebuttal. Thank you, Your Honors. Good morning. May it please the Court. My name is Seth Hilton. I represent the appellee, Carry On Communication Systems. Chief Judge Patel did not abuse her discretion in dismissing this case for failure to prosecute given the extended period of undue delay that's evident in the record. Plaintiffs filed their initial complaint in October of 2000. The case was not dismissed until August 7th of 2002. During that period, plaintiffs did virtually nothing to pursue litigation of this case. Their initial complaint was nothing more than a copy of alleged facts from the Northern District Class Action, which is currently proceeding. We removed that case to federal court and moved to dismiss. After we did so, there was a hearing which took place on the motion to dismiss on March 26th, 2001. Plaintiffs' counsel didn't bother to show up for that hearing. The day after, the district court issued a written order dismissing the case as preempted under the Securities Litigation Uniform Standards Act. After that, shortly after that date, March 27th, 2001, plaintiffs would have known that if they intended to pursue this litigation, they needed to file an amended complaint. They did nothing to pursue that all the way through until dismissal. There was a three-month period between the dismissal of the initial complaint and the initial status conference in the Northern District on July 9, 2001. Plaintiffs never filed an amended complaint. They never moved to amend if they believed they needed to do so. There's a question whether they even needed to do so under Doe v. United States. They probably had an argument that they simply could have filed an amended complaint as a matter of right under Rule 15. They apparently never looked into that to determine whether they should or shouldn't move for leave to amend. The joint status conference report that was filed with Judge Patel? Yes. It seemed to suggest that they could just go ahead and file. Right. They filed the case. It wasn't crystal clear. Right. But the order, upon signing of the order, what that order contemplated is they'd have 30 days after that point to file an amended complaint. However, that proposed case management conference order wasn't filed until I believe June 29, shortly before the case management conference. So there was still a three-month period where the plaintiffs did absolutely nothing, didn't file a motion or file an amended complaint when they knew that they They failed to show up at the case management conference on July 9, 2001. As Your Honor pointed out, at a subsequent case management conference hearing, counsel admitted that was inexcusable neglect. They had failed until the reply to offer any reason why they did not show up at that conference. Interestingly, on the final page of the reply, they indicate why they did not show up. They state that they chose not show up at the case management conference. Therefore, this is not a case where they dropped the ball, to use appellant's words, by confusing the date of the hearing or the time or missing a plane or that type of thing. What they did is to choose to ignore an order from the chief judge scheduling a case management conference. From the date of the case management conference all the way through August 2002, when this case was dismissed, again, there's a long period where plaintiffs do absolutely nothing, don't file an amended complaint, don't seek leave to amend. Now, in the reply, they offer a couple of excuses for this. They say, one, they were continuing investigation of the defendants. If you look at the record, I think the record reflects that that's unlikely. On June 18, 2002, Tarion submitted a letter to the district court asking them to dismiss the case, asking the court about the status of the proposed order dismissing the case. Appellants, in response to that letter, interestingly, did nothing. It is not until the district court asked them, affirmatively asked them to respond to the letter that they submitted a letter to the district court in June 25, 2002, arguing that the case should not be dismissed. When they did that, they made no reference in that letter to any efforts on their part to pursue litigation of the case, to file an amended complaint or conduct any investigation of the defendants, that type of thing. It seems reasonable that in the event they were actually pursuing the case during that time period, they would have indicated in the letter, Your Honor, we have been pursuing the case. We didn't understand that it was potentially going to be dismissed for failure to prosecute. Please let us continue. They did not do that. They did not indicate that they were doing anything. In their subsequent letter to the court, June 27, 2002, they did not indicate they had done anything at the case management conference hearing right before the case was dismissed. They didn't indicate they had done anything in their opening brief. It was only in their reply after we commented upon the delay that they came up with an excuse for their behavior. They also indicate in their reply that they were simply waiting for the district court to sign the case management conference order so that then they could pursue their amended complaint, file their amended complaint. The problem with that argument is, one, there was nothing barring them from filing an amended complaint immediately if they, as they said at the case management conference, that they had that ready to go. They simply could have filed it. Two, it's unreasonable for them to sit back when they haven't attended a case management conference and to wait on the district court when they have no idea what the district court has done, and to not call defense counsel to see what happened at the case management conference, not contact the court, not review Pacer to see what the docket chief says about the status of the case. Simply to sit back and wait for close to 11 months before doing anything whatsoever to pursue the case. Does the record tell us how advanced the class action litigation was such that we could make a determination as to whether to allow the amendment in this case to continue would be disruptive to the overall litigation? There's nothing in the record that indicates what the status of that class action is. I can tell you that that class action is ongoing. There was a trial date set in November that the district court vacated because of concerns that arose concerning the lead plaintiffs and lead plaintiffs' counsel. I believe there is an investigation and discovery ongoing about that issue in the district court, but the litigation is ongoing at this point. The district court, when it dismissed this case with prejudice, made sure that plaintiffs would allow or would have an opportunity to have their claims adjudicated on the merits by expressly stating that dismissal of this case was without prejudice to the ongoing district class action. For the first time, plaintiffs have asserted here that they have some theory that would be beyond what is asserted in the class action. Now, some question as to whether they really have a viable claim, there is lead counsel in the ongoing class action, Milberg Weiss, who has some experience in that type of litigation and would presumably have come up with any viable claims based upon the alleged facts. And another issue is appellants have never stated what, up until today, what their complaint would look like. They simply asserted that they had, they were preparing it, they had some ideas about it. In fact, in the reply, what they say is, we don't need to tell you what our ideas are, but nevertheless, the district court should allow us to continue forward. That undue delay satisfies two of the five In re Eisen factors. That's the, you know, the public's interest in expeditious litigation, the concern about the court's docket. The other three factors are prejudice to defendants. Here, Tarion is entitled to a presumption that there was prejudice. There also is, in fact, actual prejudice, because to have this case proceeding when it's identical to the northern district class action, two separate cases proceeding on two separate tracks to litigate the same issues, and you have this case proceeding on a much slower track, if proceeding at all because of appellant's conduct. I would suspect that the district court, that if a complaint were ever filed in this case before the district court, the district court would consolidate it with the lead case and would be subsumed within the lead case. That's likely. I would agree that's likely, given what the facts were. The problem is now that there's such a delay. But these plaintiffs have their rights are protected within the context of the class action. Right. I suppose that Milberg Weiss, if they thought there was some unique claim that they failed to overlook, they can always take leave to amend the complaint to assert whatever claims they want. So there's really no real fundamental prejudice here to these. Right. Practically, I don't think there's a. Correct. Practically, I don't think there's a big difference between consolidation or dismissal of this case. I see that my time's up. Thank you. Unless the Court has any further questions. Thank you. We have a few minutes in rebuttal. Thank you. Just very briefly, Your Honor. We did in fact state in our reply the items that we wanted to include in our amended complaint, the mismanagement conduct, self-dealing, improper transactions on a far broader level than what has already previously been alleged. And I. Is there a reason to believe that additional theories that you want to add will get your clients additional bottom-line relief that they wouldn't obtain in the class action? In other words, maybe it is that the class is not proceeding on the theories you would assert, but is there any reason to believe that your clients won't get their full economic relief if the class is successful? On a breach of fiduciary duty, yes, Your Honor. There are remedies, I believe, that are available that are not otherwise covered under a securities claim. Would they get more money? Yes. Specifically, yes. We have the availability of candidate damages, if we're able to prevail on that matter. But I think the bottom line that we heard here, Your Honor, is that while, yes, there was this delay of 12 months, Your Honor, it wasn't we weren't the only ones who dropped the ball. The defendants cannot produce a proof of service of the order. It was never docketed. It was never proof of filing. So it wasn't only our inattention to this matter, conceded inattention, Your Honor. And I think the bottom line is what you, Your Honor, just expressed. There was no real fundamental prejudice that will be visited upon these defendants if we are allowed to. No, I said there's no fundamental prejudice to the plaintiffs. Oh, excuse my misunderstanding, Your Honor. But I would argue that, in fact, there is no prejudice to the defendants in this matter either. They've got what we expected to happen, Your Honor, is that the case had been consolidated and was stayed. So at this juncture, if we were allowed to amend our complaint, we would expect the same thing that would happen. There would not be separate tracks, separate cases being handled that would create any additional work for these defendants at this time. Okay. Upon that, I will rest. Thank you. Thank you. The matter will stand submitted. Thank you.
judges: Noonan, Paez, Selna